1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEBRA BARRY,

            Plaintiff,

    v.

YOSEMITE COMMUNITY COLLEGE DISTRICT, et al.,

          Defendants.

CASE NO. 1:16-cv-00411-LJO-MJS

**ORDER REQUIRING PLAINTIFF TO EITHER FILE A FIRST AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS**

 **(ECF NO. 1)**

**THIRTY (30) DAY DEADLINE**

      Plaintiff Debra Berry proceeds pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Her complaint is before the Court for screening.

**I.    Screening Requirement**

      Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint to determine if it states a cognizable claim. The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1   § 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have

2   been paid, the court shall dismiss the case at any time if the court determines that . . .

3   the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C.

4   § 1915(e)(2)(B)(ii).

5   **II.     Pleading Standard**

6          A complaint must contain "a short and plain statement of the claim showing that

7   the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

8   are not required, but "[t]hreadbare recitals of the elements of a cause of action,

9   supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

10  662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

11  Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief

12  that is plausible on its face." Id. Facial plausibility demands more than the mere

13  possibility that a defendant committed misconduct and, while factual allegations are

14  accepted as true, legal conclusions are not. Id. at 677-78.

15  **III.    Plaintiff's Allegations**

16         At all times relevant to the complaint, Plaintiff was a student or citizen using the

17  Modesto Junior College Library, where the acts giving rise to her complaint arose.

18         She names the following Defendants: (1) Yosemite Community College District;

19  (2) Modesto Junior College; (3) Bryan Justin Marks, individually and in his official

20  capacity as an Administrator and Associate Dean of Campus Life and Student Learning;

21  (4) Jackie Jordan, individually and in her official capacity as Administrator Librarian; (5)

22  Ellen Bambrosia, individually and in her official capacity as Administrator Librarian; (6)

23  Iris Carol, individually and in her official capacity as Administrator Librarian, and (7)

24  Granden McCarthy, individually and in her official capacity as an Administrator and

25  College Campus Security Guard.

26         Plaintiff states her intent to bring this action as a class action on behalf of herself

27  and others similarly situated. As explained below, Plaintiff may not bring allegations on

28

2

behalf of others in this pro se action. Accordingly, only those allegations that relate to Plaintiff herself are discussed here. Those allegations may be summarized essentially as follows.

Modesto Junior College ("MJC") is a state run university under the authority of the Yosemite Community College District. ("YCCD") Both entities receive federal funds.

On September 22, 2015, from 12:00 p.m. to 12:45 p.m., Defendants Jordan, Bambrosia, and Carol took photographs of Plaintiff and other students of color without their consent and sent them to coaches at MJC. The coaches confronted the students about their disruptive behavior.

On October 5, 2015, a white student worker told Plaintiff she had been sent by Defendants Jordan, Bambrosia, and Carol to watch the African American students. From 12:30 p.m. to 12:35 p.m., Defendants Jordan, Bambrosia, and Carol approached Plaintiff and a group of students of color who were studying quietly. Defendants accused the students of making noise and stated that only five people could sit at the table. Defendants ignored a nearby table of five white students that were talking in the same quiet tone as Plaintiff and her companions.

Thereafter, Defendant McCarthy issued Plaintiff a verbal citation for being too loud and for having more than five students at the table. The same citation was not issued to the table of white students. McCarthy demanded Plaintiff's "W" number and identification and issued Plaintiff and others false charges of misconduct. These were intended to deter Plaintiff and others from pursuing their education.

On or about October 6, 2015, Defendant Carol and a non-party employee named Susan moved chairs from the general area where African American students studied. Only two tables and three chairs were left in the area. That same day, Defendant Bambrosia approached a group of African American students sitting quietly in a general studying area and told them that only four students could be at the table. She ignored five white students sitting at an adjacent table. Plaintiff observed this conduct but

3

apparently was not one of the students initially approached. Bambrosia then asked Plaintiff whether she had anything to say. Later that day, Plaintiff observed Bambrosia harassing other African American students. Also that day, Defendant Carol intentionally assaulted Plaintiff by bumping into her chair hard without saying "excuse me" and while looking at Plaintiff with scorn.

At some point in October, several students, including Plaintiff, lodged complaints regarding this behavior. It is unclear whether Plaintiff was one such student. Defendant Marks responded to the complaints by sending out "false notices" in an attempt to intimidate Plaintiff and others. The notices stated that the students had been reported for Disruptive Behavior and were required to schedule a meeting with Marks. Absent such a meeting, Marks would review the report and consider disciplinary action without the students' input.

On November 5, 2015, Plaintiff and others complained about a poster of Modesto Library Rules that had been placed on the wall. Plaintiff claims the rules were intended to cover up discrimination toward Plaintiff and other African American students.

Plaintiff later received a letter from Marks stating that she had been reported for Disruptive Behavior and had failed to schedule a meeting with Marks as requested. The letter stated that Marks had determined that Plaintiff violated the Yosemite Community College District Standards of Conduct and was therefore suspended from use of the MJC Library Learning Center on the MJC East Campus for approximately six weeks. Following the suspension, Plaintiff would be placed on disciplinary probation for one year. The notice outlined steps for Plaintiff to take to resume use of the MJC Library Learning Center following her suspension.

Plaintiff claims racial discrimination in violation of her right to equal protection under the Fourteenth Amendment. The caption of her complaint also alleges "harassment, sexual harassment, and oppression in education." Elsewhere in the

4

complaint she references the Eighth Amendment. She also alleges violations of Sexual Harassment Policy 3430.

She seeks an injunction prohibiting further discrimination, unspecified compensatory and punitive damages, and unspecified declaratory relief.

## IV.    Analysis

### A.    Putative Class Action

Plaintiff, proceeding pro se, cannot prosecute the instant action as a class action. See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987) (holding that a pro se litigant may not appear as an attorney for others); Welch v. Terhune, 11 F. App'x 747, 747 (9th Cir. 2001) (same); White v. Geren, 310 F. App'x 159, 160 (9th Cir. 2009) (pro se plaintiff is not an adequate class representative under Fed. R. Civ. P. 23(a)(4)). The action will proceed, if at all, solely on behalf of Plaintiff Berry.

### B.    Section 1983

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

#### 1.    YCCD and MJC

The Eleventh Amendment bars Plaintiff's attempts to pursue claims against YCCD and MJD, both state entities, under section 1983. E.g., Pennhurst State Sch. &

Hospital v. Halderman, 465 U.S. 89, 100 (1984) (suits against the state or its agencies are absolutely barred, regardless of the form of relief sought). Plaintiff cannot state a section 1983 claim against either entity. This defect cannot be cured through amendment.

### 2.    Eighth Amendment

Plaintiff states her Eighth Amendment rights were violated. However, the Eighth Amendment does not apply here. See Whitley v. Albers, 475 U.S. 312, 327 (1986) (Eighth Amendment's protections specifically concerned with unnecessary and wanton infliction of pain in penal institutions). This claim will be dismissed. It is not capable of being cured through amendment.

### 3.    Fourteenth Amendment Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff has alleged sufficient facts to suggest that Defendants Jordan, Bambrosia, Carol, McCarthy, and Marks intentionally discriminated against her on the basis of race. She has stated a cognizable Equal Protection claim on this basis.

### 4.    Fourteenth Amendment Due Process

Plaintiff may intend to state a due process claim against Defendant Marks in relation to the disciplinary action for Disruptive Behavior.

6

The Fourteenth Amendment's guarantee of due process applies when a constitutionally protected liberty or property interest is at stake. Matthews v. Harney County, Oregon, School Dist. No. 4, 819 F.2d 889, 891 (9th Cir.1987) (citing Board of Regents v. Roth, 408 U.S. 564, 569 (1972). "Once it is determined that due process applies, the question remains what process is due." Morrissey v. Brewer, 408 U.S. 471, 481 (1972). The minimum of due process that arises from the interference with a property or liberty interest is "notice and an opportunity for hearing appropriate to the nature of the case." Goss v. Lopez, 419 U.S. 565, 579 (1975). "At the very minimum, therefore, students facing suspension and the consequent interference with a protected property interest must be given some kind of notice and afforded some kind of hearing." Id.

Here, Plaintiff cannot state a due process claim in relation to her disciplinary proceedings. Plaintiff was provided written notice of the report of Disruptive Behavior and was asked to schedule a meeting with Marks to discuss the complaint. Plaintiff declined to do so. Plaintiff was provided notice and was offered an opportunity to be heard. That she chose not to participate does not indicate her due process rights were violated. Her allegations fail to state a claim.

### 5. First Amendment Retaliation

Plaintiff appears to allege that she was disciplined in retaliation for submitting written complaints regarding alleged discrimination by Library staff.

There are three elements to a First Amendment retaliation claim. O'Brien v. Welty, 818 F.3d 920, 932 (9th Cir. 2016). A plaintiff must show that "(1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." Pinard v. Clatskanie Sch. Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006) (citing Mendocino Envt'l Cntr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir.1999)). "Once a plaintiff

1  has made such a showing, the burden shifts to the government to show that it would

2  have taken the same action even in the absence of the protected conduct." O'Brien, 818

3  F.3d at 932; Pinard, 467 F.3d at 770; see Mt. Healthy City Sch. Dist. Bd. of Educ. v.

4  Doyle, 429 U.S. 274, 287 (1977) (establishing this framework in the public employee

5  speech context).

6      Plaintiff was reported for disciplinary violations before she wrote her complaints

7  regarding Defendants' conduct. Nevertheless, the disciplinary violation was not pursued

8  until shortly after Plaintiff and others submitted their written complaints. This is sufficient

9  at the pleading stage to create an inference that the discipline was motivated by

10  retaliation. Bruce v. Ylst, 351 F.3d 1283, 1288-89 (9th Cir. 2003) (suspect timing can

11  create inference of retaliatory motive); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995)

12  ("timing can properly be considered as circumstantial evidence of retaliatory intent").

13      These facts are sufficient at the pleading stage to allege a First Amendment

14  retaliation claim against Defendant Marks.

15           **6.**    **Photographs without Consent**

16      Plaintiff complains that Defendants photographed her in the Library without her

17  consent. She does not state any constitutional violation associated with this conduct and

18  the Court finds none. This allegation fails to state a claim.

19           **7.**    **Official Capacity Claims**

20      Plaintiff names Defendants in both their official and individual capacities.

21      To the extent Plaintiff seeks damages under section 1983 against Defendants in

22  their official capacities, her claims are barred by the Eleventh Amendment. See

23  Kentucky v. Graham, 473 U.S. 159, 169-70 (1985) (Eleventh Amendment immunity from

24  damages in federal court action against state remains in effect when state officials are

25  sued for damages in their official capacity). Thus, to the extent Plaintiff requests

26  damages under section 1983 against Defendants in their official capacities, her claim will

27  be dismissed.

28

However, the Eleventh Amendment "does not bar actions for declaratory or injunctive relief brought against state officials in their official capacity." Austin v. State Indus. Ins. Sys., 939 F.2d 676, 680 (9th Cir. 1991). Here, Plaintiff has requested unspecified declaratory relief. Absent specification, the Court assumes that Plaintiff seeks a declaration that her rights were violated. Because her claims for damages necessarily entail a determination on these issues, her separate request for declaratory relief is subsumed by those claims, and therefore will be dismissed. Rhodes v. Robinson, 408 F.3d 559, 566 n.8 (9th Cir. 2005).

Plaintiff also requests an injunction prohibiting further discrimination. Such a request properly runs against Defendants in their official capacities. Accordingly, Plaintiff may proceed under section 1983 for injunctive relief against Defendants in their official capacities.

### C.    Title VI of the Civil Rights Act

It appears that Plaintiff intends to allege violations of Title VI of the Civil Rights Act of 1964. Title VI of the Civil Rights Act of 1964 provides:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d.

Individuals may sue under Title VI for intentional discrimination. Alexander v. Sandoval, 532 U.S. 275, 280-81 (2001). Such suits may seek injunctive relief and damages. Id. at 280. However, punitive damages are unavailable. See Barnes v. Gorman, 536 U.S. 181, 189 (2011).

To state a claim under Title VI, a plaintiff must allege that (1) the entity involved is engaged in racial discrimination, and (2) the entity involved is receiving financial assistance. Fobbs v. Holy Cross Health Sys. Corp., 29 F.3d 1439, 1447 (9th Cir.1994). A Plaintiff also may bring a Title VI claim for retaliation based on complaints of racial discrimination. See Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 173 (2005)

1    (finding retaliation claims cognizable under Title IX); <u>Cannon v. Univ. of Chicago</u>, 441

2    U.S. 677, 694-99 (1979) (reasoning that a finding based on the statutory language of

3    Title VI should logically extend to Title IX)..

4         Plaintiff has alleged sufficient facts to suggest that she was subjected to

5    intentional discrimination by YCCD and MJC, programs or activities that she alleges

6    receive federal funds.[1] She also has stated a cognizable Title VI claim for retaliation

7    based on the allegation that she was disciplined in retaliation for submitting written

8    complains complaining of racial discrimination. Thus, she may proceed against YCCD

9    and MJC on this claim.

10        Individual capacity suits are impermissible under Title VI. <u>See</u> <u>Wood v. Yordy</u>, 753

11   F.3d 899, 903, 904 (9th Cir. 2014) (finding, consistent with the 3rd, 4th, 7th, and 10th

12   Circuits, that Spending Clause statutes do "not authorize suits against a person in

13   anything other than an official or governmental capacity"). Thus, Plaintiff may not

14   proceed against any of the Defendants in their individual capacities on this claim.

15        There is some question whether individuals may be sued under Title VI in their

16   official capacities. The Ninth Circuit has not ruled on this issue. Regardless, however,

17   the Court concludes that Plaintiff's Title VI claims against Defendants Jordan,

18   Bambrosia, Carol, McCarthy, and Marks in their official capacities should be dismissed.

19   "Official-capacity suits . . . generally represent only another way of pleading an action

20   against an entity of which an officer is an agent. As long as the government entity

21   receives notice and an opportunity to respond, an official-capacity suit is, in all respects

22   other than name, to be treated as a suit against the entity." <u>Kentucky v. Graham</u>, 473

23   U.S. 159, 165–66 (1985) (citing, inter alia, <u>Monell v. Dept. of Soc. Servs. of N.Y.C.</u>, 436

24   U.S. 658, 690 n.55 (1978)). The Ninth Circuit has held that when both an official and a

25   government entity are named, and the officer is named only in an official capacity, the

26   court may dismiss the suit against the official as a redundant defendant. <u>Ctr. For</u>

27   _____

28   [1] The states, and thus state entities, are not immune from suit under the Eleventh Amendment for violations of Title VI of the Civil Rights Act of 1964. 42 U.S.C. § 2000d-7.

1 | <u>Bioethical Reform, Inc. v. Los Angeles County Sheriff Dept.</u>, 533 F.3d 780, 799 (9th Cir.

2 | 2007). This reasoning applies to the Defendants in this action, who appear to be

3 | intended as representatives MJC. Accordingly, Plaintiff's official capacity claims under

4 | Title VI will be dismissed.

5 | In sum, Plaintiff may proceed against YCCD and MJC on Title VI claims for

6 | damages and injunctive relief based on intentional racial discrimination and retaliation.

7 | **D.     Section 1981**

8 | Section 1981 prohibits racial discrimination by private parties and state actors in

9 | the making and enforcement of contracts. <u>Pittman v. Oregon, Employment Dept.</u>, 509

10 | F.3d 1065, 1067 (9th Cir. 2007). The Court finds no contractual basis for Plaintiff's

11 | claims, and thus no basis for liability under section 1981. This claim will be dismissed.

12 | Plaintiff will be afforded leave to amend.

13 | **E.     Sexual Harassment**

14 | Although the caption of Plaintiff's complaint alleges sexual harassment, she states

15 | no facts to support such a claim. This claim will be dismissed with leave to amend.

16 | **F.     State Law Assault**

17 | Plaintiff may intend to bring an assault claim against Defendant Carol.

18 | The Court may exercise supplemental jurisdiction over state law claims in any civil

19 | action in which it has original jurisdiction, if the state law claims form part of the same

20 | case or controversy. 28 U.S.C. § 1367(a). "The district courts may decline to exercise

21 | supplemental jurisdiction over a claim under subsection (a) if . . . the district court has

22 | dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  The

23 | Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . .

24 | the state claims should be dismissed as well." <u>United Mine Workers of Am. v. Gibbs</u>, 383

25 | U.S. 715, 726 (1966).

26 | Furthermore, to bring a tort claim under California law, Plaintiff must allege

27 | compliance with the California Tort Claims Act ("CTCA"). Under the CTCA, a plaintiff

28 |

1   may not maintain an action for damages against a public employee unless he has

2   presented a written claim to the state Victim Compensation and Government Claims

3   Board ("VCGCB") within six months of accrual of the action. Cal. Gov't Code §§ 905,

4   911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477

5   (9th Cir. 1995). Failure to demonstrate such compliance constitutes a failure to state a

6   cause of action and will result in the dismissal of state law claims. State of California v.

7   Superior Court (Bodde), 32 Cal.4th 1234, 1240 (2004).

8         Here, Plaintiff has not pled compliance with the CTCA. Accordingly, she fails to

9   state a claim on this basis. The Court will provide Plaintiff with the legal standard

10  applicable to assault claim in the event she is able to amend to plead CTCA compliance.

11        For an assault claim under California law, a plaintiff must show that (1) the

12  defendant threatened to touch him in a harmful or offensive manner; (2) it reasonably

13  appeared to the plaintiff that the defendant was about to carry out the threat; (3) the

14  plaintiff did not consent to the conduct; (4) the plaintiff was harmed; and (5) the

15  defendant's conduct was a substantial factor in causing the harm. Tekle v. U.S., 511

16  F.3d 839, 855 (9th Cir. 2007) (citation omitted). For battery, a plaintiff must show that

17  (1) the defendant intentionally did an act that resulted in harmful or offensive contact with

18  the plaintiff's person; (2) the plaintiff did not consent to the contact; and (3) the contact

19  caused injury, damage, loss, or harm to the plaintiff. Id. (citation omitted).

20  **V.    Conclusion and Order**

21        Plaintiff's complaint states the following cognizable claims: (1) a Fourteenth

22  Amendment Equal Protection claim for compensatory and punitive damages against

23  Defendants Jordan, Bambrosia, Carol, McCarthy, and Marks, in their individual

24  capacities, and for injunctive relief in their official capacities; (2) a First Amendment

25  retaliation claim for compensatory and punitive damages against Defendant Marks in his

26  individual capacity; (3) a Title VI intentional discrimination claim for injunctive relief and

27  compensatory damages against YCCD and MJC; and (4) a Title VI retaliation claim for

28

1   injunctive relief and compensatory damages against YCCD and MJC. The remaining

2   claims are not cognizable as pled. Plaintiff will be given leave to amend.

3       The Court will grant Plaintiff the opportunity to file an amended complaint to cure

4   noted defects, to the extent she believes in good faith she can do so. Noll v. Carlson,

5   809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, she must

6   demonstrate that the alleged acts resulted in a deprivation of her rights. Iqbal, 556 U.S.

7   at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is

8   plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff should

9   note that although he has been given the opportunity to amend, it is not for the purposes

10  of adding new claims. Plaintiff should carefully read this screening order and focus her

11  efforts on curing the deficiencies set forth above.

12      If Plaintiff does not wish to file an amended complaint, and she is agreeable to

13  proceeding only on the claims found to be cognizable, she may file a notice informing

14  the Court that she does not intend to amend, and she is willing to proceed only on her

15  cognizable claims. The Court then will provide Plaintiff with the requisite forms to

16  complete and return so that service of process may be initiated, and will recommend

17  dismissal of the non-cognizable claims.

18      If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but it

19  must state what each named defendant did that led to the deprivation of Plaintiff's

20  constitutional rights, Iqbal, 556 U.S. at 676-677. Although accepted as true, the "[f]actual

21  allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."

22  Twombly, 550 U.S. at 555 (citations omitted).

23      Finally, an amended complaint supersedes the prior complaint, see Loux v. Rhay,

24  375 F.2d 55, 57 (9th Cir. 1967), and it must be "complete in itself without reference to the

25  prior or superseded pleading," Local Rule 220.

26      Based on the foregoing, it is HEREBY ORDERED that:

27

28

13

1. Within thirty (30) days from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that she does not wish to file an amended complaint and she is willing to proceed only on the claims found to be cognizable in this order; and

2. If Plaintiff fails to comply with this order, the undersigned will recommend dismissal of this action for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   __March 6, 2017__          _____/s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

14