**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBRA BERRY,<br><br>  Plaintiff,<br><br>  v.<br><br>YOSEMITE COMMUNITY COLLEGE DISTRICT, a Public Educational Institution, Junior College, *et al.*,<br><br>  Defendants. | Case No. 1:16-cv-00411-LJO-EPG<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF No. 36) |

Debra Berry ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. Plaintiff filed the Complaint commencing this action on March 25, 2016. (ECF No. 1). This action now proceeds on the following claims: (1) Fourteenth Amendment Equal Protection against Defendants Jordan, Bambrosia, Carol, McCarthy, and Marks, in their individual capacities and official capacities; (2) First Amendment retaliation against Defendant Marks in his individual capacity; (3) intentional discrimination in violation of Title VI against Yosemite Community College District ("YCCD") and Modesto Junior College ("MJC"); and (4) retaliation in violation of Title VI against YCCD and MJC. (ECF Nos. 10, 11).

1

On July 13, 2018, Plaintiff filed a motion for appointment of counsel. (ECF No. 36). Plaintiff contends that appointment of counsel is necessary in this action because of (1) the nature of the civil constitutional violations, (2) the complexity of the civil constitutional violations, and (3) the expectation of a settlement conference. *Id.*

Pursuant to 28 U.S.C. § 1915(e)(1), the Court may appoint counsel to an indigent party in a civil case. However, the appointment of counsel is not a constitutional right, and the Court cannot require an attorney to represent a party. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998); *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). Without a reasonable method of securing and compensating counsel, the Court will seek the voluntary assistance of counsel only in the most serious and exceptional circumstances. *Rand*, 113 F.3d at 1525. In determining whether exceptional circumstances exist, "a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

Here, despite the complexity of the legal issues involved in this action, Plaintiff has displayed the ability to articulate her claims. Moreover, the Court is unable to evaluate Plaintiff's likelihood of success on the merits at this juncture. The non-expert discovery deadline in this action is November 16, 2018, (ECF No. 28), and the parties are in the process of exchanging discovery. In addition, a settlement conference has not been scheduled in this action. (ECF No. 35). Therefore, the Court declines presently to seek the voluntary assistance of counsel. Plaintiff may, however, request the appointment of counsel at a later time.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of counsel is DENIED without prejudice.
IT IS SO ORDERED.

Dated: **July 16, 2018**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

2

3