# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA BERRY,<br><br>              Plaintiff,<br><br>v.<br><br>YOSEMITE COMMUNITY COLLEGE DISTRICT, a Public Educational Institution, Junior College, *et al.*,<br><br>              Defendants. | Case No. 1:16-cv-00411-LJO-EPG<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>(ECF No. 38) |

        Debra Berry ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. Plaintiff filed the Complaint commencing this action on March 25, 2016. (ECF No. 1).

        On November 5, 2018, Plaintiff filed a "Notice of Emergency Motion to Reschedule the Deposition Location and For the Appointment of Civil Counsel in Racial Discrimination Complaint." (ECF No. 38). Plaintiff argues that she is being denied access to the courts because she has not been appointed pro bono counsel. Plaintiff further states that Defendants have noticed her deposition for November 5, 2018, in Sacramento, California, but she has requested "reasonable accommodations" for a change of the location of the deposition to Turlock,

1

California because she is unable to afford the cost of travel to and hotel accommodations in Sacramento. Plaintiff contends that defense counsel has not acknowledged her request.

On November 8, 2018, Defendants filed their opposition to the motion. (ECF No. 39). Defendants argue, among other things, that Plaintiff's request to "reschedule" the deposition to a location in Turlock is moot because defense counsel has offered to take Plaintiff's deposition in Modesto, California and the November 5, 2018 deposition date has already passed.

On November 15, 20218, the Court held a Telephonic Informal Discovery Dispute Conference, at which the parties discussed the pending motion and Plaintiff's deposition. (ECF No. 41). After discussion with the parties, the deposition of Plaintiff is set for December 5, 2018, in Modesto, California. *Id.*

As the parties have agreed to a new date and place to take Plaintiff's deposition, the pending motion to reschedule the place of deposition is denied as moot.[1]

Plaintiff's motion to appoint counsel is also denied. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may appoint counsel to an indigent party in a civil case. However, the appointment of counsel is not a constitutional right, and the Court cannot require an attorney to represent a party. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998); *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). Without a reasonable method of securing and compensating counsel, the Court will seek the voluntary assistance of counsel only in the most serious and exceptional circumstances. *Rand*, 113 F.3d at 1525. In determining whether exceptional circumstances exist, "a district court must evaluate both the likelihood of success of the merits

---

[1] During the conference on November 15, 2018, Plaintiff informally objected to having the deposition recorded on video. The Court explained that Federal Rule of Civil Procedure 30(b)(3) allows for such recording of testimony. Fed. R. Civ. P. 30(b)(3) ("Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means."). The Court also explained that the Eastern District of California provides local rules for obtaining a protective order, given the presumption of public access. See Rule 141.1 of the Local Rules of the Eastern District of California. The Court expressed the opinion that there was no basis for a protective order in this case, and Plaintiff has not formally moved for a protective order. As the Court explained in the November 15, 2018, conference, if Plaintiff fails to attend her deposition because it will be videotaped, she will be subject to sanctions.

2

[and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The circumstances in this case are not exceptional. First, the Court is unable to evaluate Plaintiff's likelihood of success on the merits at this juncture as the parties are still in the process of completing discovery, including taking Plaintiff's deposition. Second, Plaintiff has been and continues to be able to articulate her claims in light of the complexity of the legal issues involved. Therefore, the Court declines at present to seek the voluntary assistance of counsel. Plaintiff may, however, request the appointment of counsel at a later time.

Accordingly, Plaintiff's motion to move the place of her deposition and to appoint pro bono counsel, (ECF No. 38), is denied.

IT IS SO ORDERED.

Dated: **November 20, 2018**

/s/ Erin P. Grojean
UNITED STATES MAGISTRATE JUDGE