# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA BERRY,<br><br>    Plaintiff,<br><br>    v.<br><br>YOSEMITE COMMUNITY COLLEGE DISTRICT, *et al.*<br><br>    Defendants. | Case No. 1:16-cv-00411-LJO-EPG<br><br>**ORDER DENYING THIRD MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF No. 56) |

Debra Berry ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. Plaintiff filed the Complaint commencing this action on March 25, 2016. (ECF No. 1).

On July 13, 2018, Plaintiff filed a motion for appointment of counsel. (ECF No. 36). Plaintiff argued that appointment of counsel is necessary in this action because of (1) the nature of the civil constitutional violations, (2) the complexity of the civil constitutional violations, and (3) the expectation of a settlement conference. *Id.* On July 16, 2018, the Court denied the motion. (ECF No. 37).

On November 5, 2018, Plaintiff filed a second motion for appointment of counsel. (ECF No. 38). Plaintiff argued that she is being denied access to the courts because she has not been

1

appointed *pro bono* counsel. *Id.* On November 20, 2018, the court denied the motion for appointment of counsel. (ECF No. 43).

On January 14, 2018, Plaintiff filed a third motion for appointment of counsel, (ECF No. 56), which is now before the Court. Plaintiff again argues that she is being denied access to the courts because she has not been appointed *pro bono* counsel, and that indigent litigants should be appointed *pro bono* counsel as a matter of right. *Id.*

"There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998). Pursuant to 28 U.S.C. § 1915(e)(1), the Court may appoint counsel for indigent civil litigants. However, the Court cannot require an attorney to represent an indigent civil litigant. *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). Consequently, without a reasonable method of securing and compensating counsel, the Court will seek the voluntary assistance of counsel only in the most serious and exceptional circumstances. *Rand*, 113 F.3d at 1525. "To decide whether these exceptional circumstances exist, a district court must evaluate both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Id.* (internal quotation marks and citations omitted).

Here, the Court is unable to evaluate Plaintiff's likelihood of success on the merits at this juncture. Even so, Plaintiff has displayed the ability to articulate her claims and to advocate on her own behalf, even considering the complexity of the legal issues involved in this action. Therefore, the Court declines presently to seek the voluntary assistance of counsel. Plaintiff may, however, request the appointment of counsel at a later time.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of counsel is DENIED without prejudice.
IT IS SO ORDERED.

Dated: **January 15, 2019**      /s/ *Erin P. Gross*
UNITED STATES MAGISTRATE JUDGE

3