UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA BERRY,<br><br>        Plaintiff,<br><br>    v.<br><br>YOSEMITE COMMUNITY COLLEGE DISTRICT, *et al.*,<br><br>        Defendant. | Case No. 1:16-cv-00411-LJO-EPG<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL AND ORDERING FURTHER DISCLOSURES<br><br>(ECF No. 48)<br><br>ORDER MODIFYING SCHEDULING ORDER<br><br>THIRTY (30) DAY DEADLINE |

Debra Berry ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983 and 2000d.

On January 4, 2019, Defendants filed a motion to compel, requesting sanctions and additional deposition testimony. (ECF No. 48.) The Court held a hearing on January 25, 2018. (ECF No. 59.) Plaintiff appeared telephonically and Ms. Kellie M. Murphy, attorney for Defendants, appeared telephonically.

For the reasons stated on the record, Defendants' motion to compel is granted in part and denied in part.

Plaintiff is ordered within thirty (30) days from the date of this order to provide defendants the following in writing and under oath:

1. A list of all cases Plaintiff was involved in within the last 10 years, including, the case name, case number, and a brief description of the subject matter;

1

2. A written statement as to whether Plaintiff claims emotional distress damages, and if so the specific basis of that claim[1]; and

3. A statement stating whether Plaintiff has any documents that she looked at during her deposition, which have not already been provided to defendants. If so, describe the documents.

Defendants have leave to file a supplement to their motion to compel requesting further information within 14 days after receipt of Plaintiff's submission.

Also as discussed on the record, the Court also finds good cause to further modify the Scheduling Order, (ECF Nos. 28, 47). The Court makes this modification with the understanding that the parties will participate in a settlement conference to be set in May 2019. Accordingly, the schedule in this action is further modified as follows:

|  | **Current Date** | **New Date** |
|---|---|---|
| Non-Expert Disclosure | November 16, 2018 | April 15, 2019 |
| Initial Expert Disclosure: | February 25, 2019 | June 17, 2019 |
| Expert Rebuttal/Supplemental: | March 25, 2019 | July 15, 2019 |
| Expert Discovery Cut-off: | April 29, 2019 | August 12, 2019 |
| Non-Dispositive Motion Filing: | May 6, 2019 | August 26, 2019 |
| Dispositive Motion Filing: | May 28, 2019 | September 9, 2019 |
| Dispositive Motion Hearing: | June 27, 2019 | October 4, 2019 |
| Pretrial Conference: | August 8, 2019 | December 6, 2019 |
| Jury Trial: | November 5, 2019 | March 3, 2020 |

IT IS SO ORDERED.

Dated: **January 30, 2019**

/s/ Erin P. Gross

UNITED STATES MAGISTRATE JUDGE

---

[1] "When a plaintiff puts his mental health at issue by alleging emotional distress, he waives his psychologist-patient privilege for relevant mental health records. The defendant is entitled to discover any records relevant to the plaintiff's emotional distress. . . . [S]uch records and testimony are relevant in showing causation or the degree of the alleged emotional distress. Even if the plaintiff stipulates that he will not introduce any psychologist or expert testimony, the records may still be relevant to show causation and magnitude." *Carrig v. Kellogg USA Inc.*, CASE NO. C12-837RSM, 2013 WL 392715 (W.D. Wash. Jan. 30, 2013).