# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA BERRY,<br><br>        Plaintiff,<br><br>    v.<br><br>YOSEMITE COMMUNITY COLLEGE DISTRICT, *et al.*,<br><br>        Defendants. | Case No. 1:16-cv-00411-LJO-EPG<br><br>**ORDER DIRECTING FURTHER DISCOVERY** |

Debra Berry ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this civil rights action pursuant to 42 U.S.C. §§ 1983 and 2000d on March 25, 2016. (ECF No. 1.)

On January 4, 2019, Defendants filed a motion to compel additional deposition testimony and for sanctions. (ECF No. 48.) The Court heard arguments on the motion on January 25, 2019. (ECF No. 59.) On January 30, 2019, the Court issued an order granting in part and denying in part the motion. (ECF No. 60.) The order provided:

> Plaintiff is ordered within thirty (30) days from the date of this order to provide defendants the following in writing and under oath:
>
> 1. A list of all cases Plaintiff was involved in within the last 10 years, including, the case name, case number, and a brief description of the subject matter;
>
> 2. A written statement as to whether Plaintiff claims emotional distress damages, and if so the specific basis of that claim; and
>
> 3. A statement stating whether Plaintiff has any documents that she

1

> looked at during her deposition, which have not already been provided to defendants. If so, describe the documents.
>
> Defendants have leave to file a supplement to their motion to compel requesting further information within 14 days after receipt of Plaintiff's submission.

*Id.* (footnote omitted).

On February 15, 2019, Plaintiff filed a response as directed by the January 30, 2019 order. (ECF No. 62.) Plaintiff lists three cases she filed within the last ten years: *Berry v. Yosemite Community College*, No. 0:18-cv-16765; *Berry v. Yosemite Community College*, No. 1:18-cv-00172; and *Berry v. Yosemite Community College*, No. 1:16-cv-00411. Plaintiff also claims damages for emotional distress and states that she provided Defendants with all the documents she brought to the deposition—a copy of the complaint, a diary, and a one-page document with personal notes. *Id.*

On March 1, 2019, Defendants filed a supplement to their motion to compel. (ECF No. 63.) Defendants argue that Plaintiff has provided an incomplete and inconsistent list of the cases she has filed in the last ten years by omitting at least one case, *Debra Berry v. Modesto Area Express Regional Transit, et al.*, No. 1:18-cv-00022, a case filed on January 4, 2018, and dismissed for failure to state a claim on August 13, 2018. *Id.* Defendants also argue that Plaintiff failed to identify in her response all the documents that she relied upon during her deposition. *Id.* Defendants further assert that they are entitled to the following information related to Plaintiff's claim for emotional distress:

1. The name, address, and telephone number of every mental health provider (psychologist, psychiatrist, counselor, or otherwise) from whom she has sought treatment at any time;

2. The dates of the treatment sought;

3. The type of treatment sought;

4. The conditions for which she sought such treatment;

5. The length of treatment;

6. Identification of any mental health condition that she has been diagnosed with at any time;

> 7. Details regarding the specific emotional distress that Plaintiff has suffered or is suffering from, including the duration and frequency of the complaints;
>
> 8. Details regarding how the alleged emotional distress has affected her;
>
> 9. Information regarding her self-administered "spiritual treatment" that allegedly resulted from her emotional distress;
>
> 10. The name, address, and telephone number of each person Plaintiff has lived with in the last ten years, and to provide the name, address, and telephone number of her husband and children; and,
>
> 11. Any other information that reveals the extent and/or severity of Plaintiff's emotional distress.

*Id.* at 5.

Given Plaintiff's assertion that she is claiming substantial damages from emotional distress, the Court finds that Plaintiff has waived the psychotherapist-patient privilege. "[C]onfidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). "Like other testimonial privileges," however, "the patient may of course waive the protection." *Id.* at n. 14. Three approaches have emerged to determined when a plaintiff has waived the psychotherapist-patient privilege when the plaintiff brings forth claims based on emotional distress: the broad approach, the narrow approach, and the middle-ground approach. *See Engert v. Stanislaus Cty.,* No. 1:13-CV-0126 LJO-BAM, 2014 WL 5217301, at *2 (E.D. Cal. Oct. 14, 2014); *E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391, 399 (E.D. Cal. 2009). "Under the broad approach, the psychotherapist-patient privilege is waived whenever the patient places his mental condition at issue . . . ." *California Psychiatric Transitions*, 258 F.R.D. at 399. "Under the narrow approach, the psychotherapist-patient privilege is waived only if the patient places the contents of the communication itself at issue . . . ." *Id.*

This Court will follow the middle-ground approach here. "Under the middle ground approach, courts have generally found a waiver when the plaintiff has done more than allege

3

'garden-variety' emotional distress." *Engert*, 2014 WL 5217301, at *2; *see also Curry v. United States*, No. 2:16-CV-2898-JAM-CMK, 2018 WL 347661, at *1 (E.D. Cal. Jan. 9, 2018) ("'Garden variety' emotional distress has been described in a number of ways, such as 'the distress that any healthy, well-adjusted person would likely feel as a result of being so victimized;' 'the generalized insult, hurt feelings and lingering resentment which anyone could be expected to feel' given the defendant's conduct;' and general pain and suffering that is not serious enough to require psychological treatment or to disrupt or affect the claimant's life activities." (quoting *Flowers v. Owens*, 274 F.R.D. [218, 225-226 (N.D. Ill. 2011))). A plaintiff alleges more than "garden-variety" emotional distress where she: (1) claims intentional or negligent infliction of emotional distress; (2) alleges a specific mental or psychiatric injury or disorder; (3) alleges unusually severe emotional distress; (4) offers expert testimony to support a claim of emotional distress; and/or (5) concedes that her mental condition is in controversy within the meaning of Rule 35(a). *Langenfeld v. Armstrong World Indus., Inc.*, 299 F.R.D. 547, 552 (S.D. Ohio 2014); *see also Horn v. Hornbeak*, No. 1:08CV1622 LJO DLB, 2010 WL 1027508, at *1 (E.D. Cal. Mar. 18, 2010).

Here, Plaintiff claims unusually severe emotional distress, and has therefore waived the psychotherapist-patient privilege. Plaintiff states that she has suffered "a significant amount of emotional distress," and seeks "uncapped emotional distress damages" and punitive damages. (ECF No. 62 at 3.) Plaintiff also cites and relies on several cases with "substantial compensatory" damages awards ranging from $176,156.00 to $839,470.00 for claims of race or sex discrimination. *Id.*

Thus, Defendants may obtain discovery pertaining to Plaintiff's mental health. Nevertheless, the Court will limit any such discovery to the treatments Plaintiff sought and the conditions for which Plaintiff sought treatments within the last 5 years only.

In order to obtain additional information regarding such damages, the Court will permit Defendants to depose Plaintiff for no more than two hours on the record. The deposition shall take place in Modesto, California. The deposition shall be limited to the following topics: Plaintiff's claim for emotional distress (with the limitation described above regarding past

4

mental health care), any cases Plaintiff was involved in within the last 10 years, and the persons Plaintiff has lived with in the last 5 years.[1]

Regarding the documents Plaintiff brought to her deposition, the Court declines to compel further documents or disclosure. While the Court is concerned about the lack of accuracy and truthfulness in Plaintiff's response concerning the documents, Plaintiff is proceeding *pro se* and was not advised that she would be required to provide Defendants with any documents that she brought to and relied upon during the deposition, and the Court does not have sufficient information to determine that such documents, if any, are relevant to this dispute.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants may obtain discovery pertaining to Plaintiff's mental health, limited to the treatments Plaintiff sought and the conditions for which Plaintiff sought treatment within the last 5 years; and

2. Defendants may obtain additional deposition testimony from Plaintiff. Defendant may conduct a two-hour deposition of Plaintiff, and shall notice the deposition for Modesto, California. Plaintiff shall attend the deposition. The parties should notify the Court of the date and time of the deposition, and should contact the Court if any issues arise during the deposition by emailing Courtroom Deputy Michelle Rooney at mrooney@caed.uscourts.gov or by calling (559) 499-5960.[2]

IT IS SO ORDERED.

Dated: **March 5, 2019**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants state that they may depose Plaintiff's friends and family regarding her mental health. Although such depositions are not before the Court at this time, Defendants are encouraged to consider the proportional needs of the case when seeking discovery from Plaintiff's family and friends. *See* Fed. R. Civ. P. 26(b)(1).

[2] While the Court cannot commit to be available, it will attempt to promptly address any issue that arises in the deposition to the extent possible.