# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA BERRY,<br><br>Plaintiff,<br><br>v.<br><br>YOSEMITE COMMUNITY COLLEGE DISTRICT ET AL., et al.,<br><br>Defendants. | Case No. 1:16-cv-00411-LJO-EPG<br><br>ORDER ADOPTING IN PART AND MODIFYING IN PART FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 67, 68, 72) |

Plaintiff Debra Berry proceeds *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983 and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d). On May 3, 2019, Defendants filed a "Motion for Sanctions for Plaintiff's Discovery Abuse Violation of Court Order" against Plaintiff. (ECF No. 67.) The motion was based upon Plaintiff's refusal to prove testimony regarding her prior mental health treatment and information about persons with whom she has lived within the past five years after being directly ordered to provide such information both in a written order and in a telephone conference during her deposition. Defendants' motion seeks terminating sanctions and an order dismissing Plaintiff's claims, with prejudice. Defendants' motion also seeks attorney fees incurred in bringing the motion, as well as the reasonable costs and attorney fees incurred in deposing Plaintiff a second time.

On May 13, 2019, Plaintiff filed an opposition to the Motion for Sanctions, in which she also included her own counter-motion for sanctions based upon the conduct of Defendants' counsel throughout this litigation. (ECF No. 68.) Defendant filed a reply on May 17, 2019. (ECF

1

No. 70.)

On July 3, 2019, Magistrate Judge Erica Grosjean issued findings and recommendations ("F&Rs") in which she recommended that: "(1) Defendants' "Motion for Sanctions for Plaintiff's Discovery Abuse and Violation of Court Order," (ECF No. 67) be granted to the extent Defendants seek terminating sanctions and dismissal of Plaintiff's case with prejudice; (2) Defendants' "Motion for Sanctions for Plaintiff's Discovery Abuse and Violation of Court Order," (ECF No. 67) be denied to the extent that Defendants seek attorneys' fees in addition to terminating sanctions; (3) Plaintiff's "Counter Motion for Sanctions for Outrageous and Abusive Conduct During Discovery and Violation of Court Order" (ECF No. 68) be denied; and (4) The Clerk of Court be directed to close this case." (ECF No. 72.)

On July 29, 2019, Plaintiff filed objections to the F&Rs. (ECF No. 79.) Defendants filed a response to Plaintiff's objections on August 7, 2019. (ECF No. 81.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this Court has conducted a *de novo* review of this matter. Having carefully reviewed the entire file, including Plaintiff's objections to the F&Rs, the Court adopts the F&Rs in part and modifies them in part.

The Court agrees with the F&Rs that Plaintiff's counter motion for sanctions (ECF No. 68) should be denied. As the F&Rs correctly explain, the motion is procedurally and substantively deficient. (*See* ECF No. 72 at 18-20.)

With respect to Defendants' motion for sanctions (ECF No. 67), while the magistrate judge provides solid reasons for her recommendations, this Court reviews a recommendation for terminating sanctions *de novo*. Having reviewed the entire record, the Court believes it is fair and prudent to invoke the lesser sanction of precluding Plaintiff from pursuing, discussing, or otherwise raising emotional distress damages at trial, either by way of eliciting evidence or making arguments on that subject. However, despite Plaintiff's *pro se* and *in forma pauperis* status, Plaintiff's flagrant disregard of Court orders cannot be without additional consequences. Specifically, Defendants should not be required to absorb the burden of Plaintiff's deliberate misconduct. Accordingly, within fourteen (14) days of the date of this order, Plaintiff is ordered

2

to reimburse Defendants the $3,955.90 in attorney's fees and expenses reasonably incurred by Defendants in connection with Plaintiff's refusal to answer questions as ordered. Such reimbursement shall be paid directly to Defense Counsel for deposit into an appropriate trust account. Immediately upon receipt of any such payment, or upon expiration of the period allowed for the payment, whichever occurs first, Defense Counsel shall file a notice with the Court indicating whether the reimbursement order has been satisfied. If Plaintiff does not pay the sanction, her case will be dismissed without further notice.

Accordingly,

1. Plaintiff's "Counter Motion for Sanctions for Outrageous and Abusive Conduct During Discovery and Violation of Court Order" (ECF No. 68) is DENIED; and
2. Defendants' "Motion for Sanctions for Plaintiff's Discovery Abuse and Violation of Court Order," (ECF No. 67) is GRANTED IN PART;
    a. Plaintiff is precluded from pursuing, discussing, or otherwise raising emotional distress damages at trial, either by way of eliciting evidence or making arguments on that subject;
    b. Within fourteen (14) days of the date of this Order, Plaintiff shall reimburse Defendants the $3,955.90 in attorney's fees and expenses incurred in connection with Plaintiff's refusal to answer questions as ordered;
3. Defendants' "Motion for Sanctions for Plaintiff's Discovery Abuse and Violation of Court Order," (ECF No. 67) is DENIED to the extent that Defendants seek terminating sanctions; and
4. Plaintiff is warned that if she does not timely pay the reimbursement as ordered, her case will be dismissed without further notice.

IT IS SO ORDERED.

Dated: **August 20, 2019**        /s/ Lawrence J. O'Neill
                                    UNITED STATES CHIEF DISTRICT JUDGE