UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA BERRY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YOSEMITE COMMUNITY COLLEGE DISTRICT, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-00411-LJO-EPG<br><br>ORDER DENYING REQUEST TO FILE INTERLOCUTORY APPEAL; AND DISMISSING CASE FOR FAILURE TO COMPLY WITH COURT ORDER TO PAY SANCTION<br><br>(ECF No. 83) |

Plaintiff Debra Berry proceeds *pro se* and *in forma pauperis* ("IFP") in this civil rights action brought pursuant to 42 U.S.C. § 1983 and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d). On May 3, 2019, Defendants filed a "Motion for Sanctions for Plaintiff's Discovery Abuse Violation of Court Order" against Plaintiff. (ECF No. 67.) The motion was based upon Plaintiff's refusal to provide testimony regarding her prior mental health treatment and information about persons with whom she has lived within the past five years after being directly ordered to provide such information both in a written order and in a telephone conference during her deposition. Defendants' motion sought terminating sanctions and an order dismissing Plaintiff's claims, with prejudice. Defendants' motion also sought attorney fees incurred in bringing the motion, as well as the reasonable costs and attorney fees incurred in deposing Plaintiff a second time.

On July 3, 2019, Magistrate Judge Erica Grosjean issued findings and recommendations ("F&Rs") in which she recommended granting Defendants' motion for terminating sanctions but

1

denying Defendants' request for attorney's fees. (ECF No. 67.) On August 21, 2019, this Court adopted the F&Rs in part and modified them in part. Among other things, the Court opted for the lesser sanction of precluding Plaintiff from pursuing, discussing, or otherwise raising emotional distress damages at trial, either by way of eliciting evidence or making arguments on that subject. ECF No. 82 at 2-3. However, the Court also found that, "despite Plaintiff's *pro s*e and *in forma pauperis* status, Plaintiff's flagrant disregard of Court orders cannot be without additional consequences." *Id*. at 3. Accordingly, the Court found that Defendants should not be required to absorb the burden of Plaintiff's deliberate misconduct and ordered Plaintiff to reimburse Defendants the $3,955.90 in attorney's fees and expenses reasonably incurred by Defendants in connection with Plaintiff's refusal to answer questions as ordered. *Id*. Plaintiff was warned that if she did not pay the sanction, her case would be dismissed without further notice.

Instead of paying the sanction, Plaintiff filed a notice of appeal to the Ninth Circuit. ECF No. 83. Because judgment has not yet been entered in this case, Plaintiff must seek permission to file an interlocutory appeal. *See* 28 U.S.C. §§ 1291, 1292(b); *see also Plata v. Davis*, 329 F.3d 1101, 1107-08 (9th Cir. 2003) (reviewing Court of Appeals' jurisdiction over interlocutory appeals). So, her Notice was construed as a request for permission to file an interlocutory appeal. So construed, the request is subject to the statutory conditions set forth in 28 U.S.C. § 1292(b), which provides that permission to file an interlocutory appeal to the circuit court may be granted if the district court determines that its order "involves a controlling question of law as to which there is a substantial grounds for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Neither of these conditions is present here.

Plaintiff suggests that it is legally inappropriate for the Court to impose a sanction order upon her because she is proceeding IFP. She cites out of date cases that suggest an IFP plaintiff is immune from the impositions of costs under Federal Rule of Civil Procedure 54. Although it is true that consideration of a plaintiff's limited resources is a reason for denial of costs to a prevailing party under Rule 54, IFP plaintiffs are not immune from costs. *See Tubbs v. Sacramento Cty. Jail*, 258 F.R.D. 657, 661 (E.D. Cal. 2009).

2

Nor are IFP plaintiffs immune from discovery sanctions awards. *Bryant v. Knight*, No. 1:09-CV-01367-OWW, 2011 WL 836658, at *1 (E.D. Cal. Mar. 4, 2011), report and recommendation adopted, No. 1:09-CV-01367-OWW, 2011 WL 1668012 (E.D. Cal. May 3, 2011). While courts do sometimes take into consideration the fact that an IFP plaintiff may not be able to pay a monetary sanction when choosing between various discovery sanctions options, *see Sanchez v. Rodriguez*, 298 F.R.D. 460, 466 (C.D. Cal. 2014) (concluding it is appropriate to choose dismissal over a lesser sanction where court has little confidence that plaintiff would pay monetary sanctions if imposed in lieu of dismissal), this Court elected to give Plaintiff that one last chance.

The Court's order, therefore, does not "involve[] a controlling question of law as to which there is a substantial ground for difference of opinion," because it was well within this Court's discretion to elect a monetary sanction in lieu of outright dismissal. Moreover, appealing the sanctions order would not materially advance the ultimate termination of the litigation because the obvious alternative is dismissal of the case, which dismissal Plaintiff can then appeal if she so chooses.

Accordingly, Plaintiff's Notice, construed as a request to file an interlocutory appeal, is DENIED. Plaintiff has plainly indicated that she does not have the financial means to pay the sanction as ordered. Accordingly, this case is DISMISSED and the Clerk of Court is directed to CLOSE THIS CASE.

IT IS SO ORDERED.

Dated: **September 18, 2019**     **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE